IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAIR CLUB FOR MEN, LTD., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-10268 |
| SEAN LEE and 360 HAIR CLUB, CORPORATION | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Hair Club for Men, Ltd., Inc. ("Hair Club"), by and through its attorneys, hereby sues Sean Lee and 360 Hair Club Corporation (collectively "Defendants") for injunctive relief and damages based on trademark infringement under the laws of the United States and of the State of Illinois:

## PARTIES

1. Hair Club is a limited liability company duly organized under the laws of the State of Florida which maintains its principal place of business at 1515 South Federal Highway, Boca Raton, Florida 33432.

2. Defendant Sean Lee is an individual who, upon information and belief, resides at 4040 Crestwood Drive, Northbrook, Illinois 60062.

3. Defendant 360 Hair Club Corporation is a corporation duly organized under the laws of the State of Illinois which, upon information and belief, maintains its principal place of business at 2454 East 170th Street, Lansing, Illinois 60438.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

EAST\126369039.7

5. Venue is proper in this District by virtue of 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims have occurred and are occurring in this District and because Defendants are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

A. **Hair Club's Well-Known HAIR CLUB  Trademarks**.

6. Hair Club owns numerous U.S. trademark registrations incorporating the mark HAIR CLUB, including:

| Trademark | Reg. No. | Services | Reg. Date. |
|---|---|---|---|
| HAIR CLUB FOR MEN | 1123852 | Beauty services-namely, hair weaving and replacement services | August 7, 1979 |
| HAIR CLUB | 1317389 | Beauty services, namely hair weaving and replacement services | January 29, 1985 |
| I'M NOT ONLY THE HAIR CLUB PRESIDENT, I'M ALSO A CLIENT | 1573996 | Beauty services, namely hair weaving and replacement services | December 26, 1989 |
| HAIR CLUB FOR KIDS | 1830003 | Beauty services, namely hair weaving and replacement services | April 5, 1994 |
| HAIR CLUB FOR WOMEN | 1903844 | Beauty services, namely hair weaving and replacement services | July 4, 1995 |
| HAIR CLUB FOR MEN AND WOMEN (and design) | 3057215 | Beauty services; namely, hair replacement, hair weaving and hair care services | November 7, 2006 |
| HAIR CLUB (and design) | 4636488 | Beauty services, hair replacement, hair weaving and hair care services, namely, hair salon services, hair cutting services. | November 11, 2014 |
| HAIR CLUB (and design) | 4757340 | Beauty services, hair replacement, hair weaving and hair care services, namely, hair salon services, hair cutting services | June 16, 2015 |

Collectively, the above trademarks are hereinafter referred to as the "HAIR CLUB Marks." True and correct certified copies of the HAIR CLUB Marks' certificates of registrations from the United States Patent and Trademark Office are attached hereto as **Exhibit A**.

7. The HAIR CLUB Marks are registered on the Principal Register of the United States Patent and Trademark Office, and these registrations have always been, and continue to be, in full force and effect. With the exception of Registration Nos. 4,636,488 and 4,757,340, the HAIR CLUB Marks' registrations are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of the validity of the registrations, of Hair Club's ownership of those marks and of its right to use those marks in commerce for the services listed above, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

8. Since at least as early as 1979 and thereafter, Hair Club has extensively promoted its business and services under the mark HAIR CLUB Marks in interstate commerce for various hair care services, including, but not limited to, beauty services, hair salon services and hair weaving and replacement services, and Hair Club has acquired valuable goodwill in these marks.

9. Hair Club also owns common law rights in the HAIR CLUB Marks.

10. At the present time, Hair Club offers its services through more than 900 hair loss experts operating in 114 locations through the United States, Canada and Puerto Rico, including locations in Chicago, Illinois; Elk Grove Village, Illinois; and Oakbrook, Illinois, all of which are located in this District.

11. In these locations, and through other media, the HAIR CLUB Marks are used and advertised in connection with a variety of beauty and hair care services.

12. By virtue of their widespread use, the HAIR CLUB Marks are well-known in Illinois and throughout the United States.

B. **Defendant's Unlawful Activities and Unauthorized Use of The HAIR CLUB Marks**.

13. Upon information and belief, Defendant Sean Lee incorporated 360 Hair Club Corporation on November 19, 2014 and is the president of the corporation.

14. Upon information and belief, in May, 2015, Defendants began using the mark 360 HAIR CLUB.

15. Upon information and belief, Defendants use the 360 HAIR CLUB mark in connection with a variety of beauty and hair care products and services, including, but not limited to, hair salon services, instruction services for hair extensions and/or weaving and hair extensions and weaving products and/or services.

16. Upon information and belief, Defendants use the 360 HAIR CLUB mark in connection with a business located at 2454 East 170th Street, Lansing, Illinois, wherein Defendants offer a variety of products and services, including, but not limited to, hair salon services, instruction services for hair extensions and/or weaving and hair extensions and weaving products and/or services.

17. On May 28, 2016, Defendant Sean Lee filed a U.S. Trademark Application in his own name, which was assigned U.S. Trademark Application Serial No. 87/053,376, for 360 HAIR CLUB (and design) and which covers "body and beauty care cosmetics." The 360 HAIR CLUB (and design) mark and 360 HAIR CLUB word mark are hereinafter collectively referred to as the "360 HAIR CLUB Mark."

18. Upon information and belief, Defendant Sean Lee, the president of Defendant 360 Hair Club Corporation and the applicant of the 360 HAIR CLUB trademark application, and is willfully and knowingly personally offering services under the 360 HAIR CLUB Mark or using Defendant 360 Hair Club Corporation to carry out his willful and deliberate use of the 360 HAIR CLUB Mark.

19. The 360 HAIR CLUB Mark fully incorporates Hair Club's HAIR CLUB mark, and Defendants' use of the 360 HAIR CLUB Mark is without license, authorization or consent from Hair Club.

20. Defendants' use of the 360 HAIR CLUB Mark is confusingly similar to the HAIR CLUB Marks in that the respective marks are almost identical and are used in connection with the same or highly similar products and/or services.

21. Despite Hair Club's demand that Defendants cease use of the 360 HAIR CLUB Mark, and marks similar to the HAIR CLUB Marks, Defendants refuse to cease use of the 360 HAIR CLUB Mark, and designations similar to the HAIR CLUB Marks.

22. Notwithstanding Defendants' constructive notice of Hair Club's prior trademark rights from the registrations of the HAIR CLUB Marks and Defendants' actual notice of Hair Club's prior trademark rights, Defendants continue to use the 360 HAIR CLUB Mark.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114, et. seq.; Lanham Act § 32)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein as paragraph 23.

24. This count arises under the Section 32 of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*

25. Hair Club is engaged in interstate commerce.

26. Hair Club has built substantial public recognition in the HAIR CLUB Marks under which it does business in interstate commerce.

27. Defendants' use of the 360 HAIR CLUB Mark is likely to cause confusion, mistake or to deceive the public as to source of Defendants' goods and services and/or the affiliation, connection or association of Defendants and their goods and services with Hair Club.

28. Defendants continue to knowingly and willfully infringe upon the HAIR CLUB Marks, despite being put on notice of Hair Club's objections.

29. Defendants' acts constitute trademark infringement of Hair Club's federally registered HAIR CLUB Marks in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114 and such infringement is willful.

30. As a result of the foregoing, Hair Club has been damaged in an amount that will be ascertained at trial. It would be difficult to ascertain the amount of compensation which could afford Hair Club adequate relief for such continuing acts.

31. By reason of Defendants' acts, Defendants have caused and will continue to cause irreparable injury to Hair Club and, unless restrained by this Court, such act will continue, and Hair Club will continue to suffer irreparable injury.

32. Hair Club has no adequate remedy at law.

## COUNT II
### Common Law Trademark Infringement

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein as paragraph 33.

34. This count arises under the common law.

35. Through Hair Club's prior and continuous use of the HAIR CLUB Marks in the State of Illinois and elsewhere, the HAIR CLUB Marks have become well-known and associated with Hair Club and to identify Hair Club and its services.

36. Defendants' use of the 360 HAIR CLUB Mark infringes upon and violates Hair Club's common law rights in the HAIR CLUB Marks and is likely to cause confusion, deception and mistake, and will cause irreparable and immediate injury to Hair Club for which Hair Club has no adequate remedy at law.

37. Defendants continue to knowingly and willfully infringe upon the HAIR CLUB Marks, despite being put on notice of Hair Club's objections.

38. Defendants' acts constitute trademark infringement of Hair Club's common law rights in the HAIR CLUB Marks under the common law and such infringement is willful.

39. As a result of the foregoing, Hair Club has been damaged in an amount that will be ascertained at trial. It would be difficult to ascertain the amount of compensation which could afford Hair Club adequate relief for such continuing acts.

40. By reason of Defendants' acts, Defendants have caused and will continue to cause irreparable injury to Hair Club and, unless restrained by this Court, such act will continue, and Hair Club will continue to suffer irreparable injury.

41. Hair Club has no adequate remedy at law.

## COUNT III
### False Designation of Origin
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein as paragraph 42.

43. This count arises under Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

44. Defendants' unauthorized use of the 360 HAIR CLUB Mark is confusingly similar to the HAIR CLUB Marks.

45. Defendants' unauthorized use in commerce of the 360 HAIR CLUB Mark in connection with Defendants' business and services constitutes a false designation of origin and a false association that wrongfully and falsely designates the services and products offered thereunder as originating from Hair Club, or as being associated, affiliated or connected with or approved or sponsored by Hair Club.

46. Defendants continue to knowingly and willfully infringe upon the HAIR CLUB Marks, despite being put on notice of Hair Club's objections.

47. Defendants' acts resulted in a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a) and such acts are willful.

48. As a result of the foregoing, Hair Club has been damaged in an amount that will be ascertained at trial. It would be difficult to ascertain the amount of compensation which could afford Hair Club adequate relief for such continuing acts.

49. By reason of Defendants' acts, Defendants have caused and will continue to cause irreparable injury to Hair Club and, unless restrained by this Court, such act will continue, and Hair Club will continue to suffer irreparable injury.

50. Hair Club has no adequate remedy at law.

**COUNT IV**
**Common Law Unfair Competition**

51. Plaintiff realleges paragraphs 1 through 50 as if fully set forth herein as paragraph 51.

52. This count arises under the common law.

53. By reason of the foregoing, Defendants have been and are engaged in acts of unfair competition in violation of the common law.

54. Upon information and belief, by virtue of Defendants' unlawful conduct, they have made or will make substantial profits and gains to which they are not in law or equity entitled.

55. Defendants' aforesaid conduct has caused Hair Club irreparable harm and unless enjoined will continue to cause Hair Club irreparable harm for which Hair Club has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Hair Club prays that this court enter judgment against Defendants as follows:

A. Finding that Defendants:
  1. Infringed the HAIR CLUB Marks under 15 U.S.C. § 1114;
  2. Infringed the HAIR CLUB Marks under the common law;
  3. Conducted acts which resulted in a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a);
  4. Engaged in unfair competition under common law; and
  5. Such conduct was willful.

B. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116 and/or the common law, enjoining and restraining Defendants and their agents, servants, officers, directors, shareholders and employees from directly or indirectly using the 360 HAIR CLUB Marks, and any other mark or designation that is confusingly

similar to the HAIR CLUB Marks, which are likely to cause confusion, to cause mistake or to deceive.

C. That this Court, pursuant to the powers granted it under 15 U.S.C. § 1118 and/or the common law, order that all labels, signs, menus, prints, packages, wrappers, receptacles, stationery, business cards and advertisements in the possession of Defendants bearing the 360 HAIR CLUB Mark, and marks similar to HAIR CLUB Marks, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

D. That Defendants be required to account to Hair Club for any and all profits derived by Defendants from the services provided through their use of the 360 HAIR CLUB Marks, and any mark or designation similar to the HAIR CLUB Marks, and for all damages, including, but not limited to compensatory, actual, treble and/or punitive damages, sustained by Hair Club by reason of said acts of infringement complained of herein.

E. That Hair Club be awarded its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

F. That this Court grant such other and further relief as it shall deem just and necessary.

Respectfully submitted,

Dated: November 1, 2016

*/s/ Paul R. Steadman*

Paul R. Steadman
paul.steadman@dlapiper.com
Keith W. Medansky
keith.medansky@dlapiper.com
Michael A. Geller
michael.geller@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
Phone: (312) 368-4000
Fax: (312) 251-2187
*Attorneys f*or *Hair Club for Men, Ltd., Inc.*